Jones and another vs. Washburn County.

Jones and another, Appellants, vs. Washburn County, Respondent.

*March 20 — April 6, 1900.*

*Counties: Disallowance of claim: Evidence.*

1. In an action against a county to recover the amount of a claim which had been presented to the county board but, it was alleged, had neither been allowed nor disallowed, the original bill filed with the county board was not, by itself, evidence of any fact tending to support the cause of action.

2. A bill against a county, consisting of several items amounting to $277.60, was presented to the county board and referred to the proper committee, who recommended that it be allowed at $25.10. The report was adopted and an order for the amount allowed drawn and paid. Instead of designating each particular item allowed and disallowed as required by sec. 678, Stats. 1898, the last three items, amounting to the sum allowed, were marked with a bracket, and that amount written opposite it. *Held*, that there was a complete disallowance of the bill except as to the three items mentioned.

Appeal from a judgment of the circuit court for Washburn county: A. J. Vinje, Circuit Judge. *Affirmed*.

The plaintiffs are partners engaged in the newspaper business. They bring this action in the circuit court for Washburn county, and allege that between July 16 and October 29, 1896, they published an election notice of the county, which was reasonably worth $151; that during the same fall they published ninety-one squares of official ballots, reasonably worth $91, and a head notice to a tax list, reasonably worth $9.60. The complaint further sets out that on January 13, 1897, the plaintiffs presented a bill to the county board, giving a detailed list of items aggregating $252.50, which go to make up the several sums above stated, which was duly verified; that said bill was laid over until the annual meeting November 10, 1897; and that the board adjourned without having allowed or disallowed any of the items of said bill.

The answer admits the filing of a bill by the plaintiffs which contained the items in the bill set out in the complaint, and also other items amounting to $25.10, which bill was duly considered by the board, and the items last mentioned were allowed, and the others disallowed, and that no appeal had been taken therefrom. Other matters of defense were also set up in the answer, which are not material to this appeal. The answer also contained a general denial of all matters not admitted.

On the trial the plaintiffs offered no testimony to support their cause of action, any further than to call the county clerk, who produced the original bill filed with him, which was offered and received in evidence. The defendant offered evidence as to the action of the county board upon the bill, and the court made findings as follows: That the bill in question was filed and presented to the county on July 13, 1897; that the last three items of the bill, amounting to $25.10, were allowed, and all previous items disallowed; that the last three items had been paid to the plaintiffs. As conclusions of law, the court held that the plaintiffs could not maintain this action; that their remedy was to have taken an appeal from the action of the county board. Judgment dismissing the action and for costs was rendered against plaintiffs, from which they have taken this appeal.

For the appellants the cause was submitted on the brief of *A. L. Bugbee.*

*L. H. Mead,* district attorney, for the respondent.

BARDEEN, J. There are two good and sufficient reasons why the judgment in this case should be affirmed:

1. No proof was offered to support the allegations of the complaint. The answer admits that plaintiffs filed a bill with the county board, and denies other facts stated. The only proof offered on behalf of the plaintiffs was to the effect that a certain bill offered in evidence had been filed

with the county board.   Standing by itself, the bill was not
evidence of any fact tending to support the plaintiff's cause
of action.   As matters then stood, the court would have
been justified in dismissing the complaint.

2. The proof offered by defendant showed that the bill in
question had been filed with the county clerk, and laid be-
fore, and had been considered by, the county board.   The
bill set out in the complaint and the one filed with the county
clerk were alike in all particulars, except that the latter had
three additional items, not contained in the former bill.
When presented to the county board, the bill was referred
to the proper committee.   The report was as follows: "G. L.
Jones & Co., $277.60; allowed at $25.10.   Report of the
committee on bills: We, the undersigned, have carefully
considered the above bills, and recommend that they be dis-
posed of, marked opposite each bill."   This report was adopted
by the board, and an order for $25.10 was drawn in favor of
plaintiffs and paid.   The items composing this amount were
the last three items of the bill, and were marked with a
bracket, opposite which the amount mentioned was written.
The appellants claim that because the board did not desig-
nate each particular item allowed and disallowed, as required
by sec. 678, Stats. 1898, there was no disallowance of the bill,
from which to take an appeal.   It is true that the action of
the board was not in conformity to the statute, yet there can
be no reasonable question as to the fact that, considering the
action taken, there was a complete disallowance of the bill,
except as to the three items mentioned.   The court has so
found, and with that conclusion we certainly agree.   So, upon
either ground stated, the judgment of the court below must
be affirmed.

*By the Court.*— So ordered.